FILED
FEB 29 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-40055-25 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER ON MOTIONS |
| JERRY GEORGE, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Defendant's Motion for Discovery and Inspection, Doc. 385**
**Government's Request for Disclosure, Doc. 388**

Defendant's Motion for Discovery and Inspection seeks various discovery materials pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, 18 U.S.C. § 3500, and the holdings in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The Government's Request for Disclosure seeks discovery pursuant to Rule 16(b) and Rule 26.2 of the Federal Rules of Criminal Procedure. The parties are required to comply with the various rules, statutes and holdings of case law. Accordingly, Defendant's Motion for Discovery and Inspection and the Government's Request for Disclosure are DENIED AS MOOT, subject to leave to reopen if discovery becomes disputed.

**Defendant's Motion for Bill of Particulars, Doc. 541**

In this criminal case, Defendant is charged in the Second Superseding Indictment with numerous other defendants with conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

**Rule 7. The Indictment and the Information**

**(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant requests the bill of particulars contain the following information: (1) the identity of each person with whom it is alleged he entered into the conspiracy to distribute the drugs which are the subject of the indictment; (2) the substance of the agreement in furtherance of the conspiracy between the persons identified as co-conspirators who are actual acquaintances of Defendant, including the dates, the facts establishing the relationships between the parties, the substance and purpose of the agreement, and the location of the parties and the time of the communication; (3) as to persons identified in paragraph (1) who are not acquaintances of Defendant but are alleged to be involved in the conspiracy, facts which establish those individuals were a part of the conspiracy including all factors enumerated in paragraph (2); (4) identities of un-indicted co-conspirators; (5) the amount of cocaine attributable to Defendant's own actions including the quantity alleged, the date, time and location Defendant is alleged to have possessed such quantity and the parties and witnesses to any alleged sale or distribution of said quantity; (6) the quantity of cocaine attributable to Defendant by the actions of others he aided and abetted and for each such amount the same factors as listed in number (5); (7) as to cocaine attributable to Defendant because of reasonably foreseeable acts of others the same factors listed in paragraph (5).

Defendant's counsel has indicated several hundred pages of discovery have been provided but most of the discovery is not related to Defendant. Defendant asserts he does not know the identity of the confidential informant(s), whether there are any witnesses to the alleged sale(s) of drugs, the specific nature of the conspiracy, when it was formed, how Defendant is a part of the conspiracy, what acts were perpetrated as part of the conspiracy, where the acts were perpetrated, or when the acts were perpetrated.

Count I of the Second Superseding Indictment alleges:

From on or about late 2005 to the date of this Indictment, in the District of South Dakota and elsewhere, Quadiri Ayodele, a/k/a "Black," a/k/a "Tokes," a/k/a "Skits"; Olimedji Ayodele, a/k/a Oladimeji Ayodele, a/k/a "O," a/k/a "Ola"; Dominique Riggins, a/k/a "G"; Joel Taylor, a/k/a "Fat Boy," a/k/a "Big Boy"; John Stanford; Quentin Booker, a/k/a "Q"; Herman Motley, a/k/a "Blade"; Michelle Lewis; Frank Baker; Crishawn Bonwell; Eugene Garcia, a/k/a "P," a/k/a "Nip"; Branyon Dale

Pippenger, a/k/a "Bam Bam"; Lori Sampson; Stacie Lynn Schroder; Matthew Bernard Weldon; Arlene Tiffany Weldon, a/k/a "Tiffany," a/k/a "T-Baby"; Susan Ann Hansen; Kayce Lee Lessman; Joshua Lloyd Matlock, a/k/a "J-Rock," a/k/a "J-Rod," a/k/a "J"; Angie Graham; Craig Lewis; and Jerry George, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute, 50 grams or more of a mixture and substance containing cocaine base (commonly referred to as crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the court should grant the motion if necessary to prevent unfair surprise at trial. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). See also, United States v. Butler, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. United States v. Smith, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. He seeks specific dates and times of the acts he allegedly committed in furtherance of the conspiracy and the identity of the persons with whom he committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. United States v. Jiminez, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, see 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; see United States v. Covos, 872 F.2d 805, 810 (8th Cir. 1988); United States v. Dempsey, 806 F.2d 766, 769 (7th Cir.1986); United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the

commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. Sweeney, 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards.

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. See United States v. Stephenson, 924 F.2d 753, 762 (8th Cir.). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a bill of particulars is necessary to prevent unfair surprise at trial. Accordingly, IT IS ORDERED that Defendant's Motion for Bill of Particulars is DENIED.

### Defendant's Motion for Disclosure of Impeaching Information, Doc. 543

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by Giglio and Brady, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

### Defendant's Motion for Disclosure of Confidential Informants & Witnesses (Doc. 544):

Defendant seeks for the government to disclose the identity of all informants, reporting persons or witnesses involved in the case and requests disclosure of all benefits, rewards or

-4-

inducements provided to them for their information or testimony. The United States objected to the request.

Before a defendant may obtain the identity of a confidential informant, the defendant must demonstrate that such disclosure is "vital to a fair trial." United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992). Such a showing must be sufficient to demonstrate that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to make a sufficient showing to overcome the government's privilege to withhold the identity of its confidential informants.

Because the defendant has failed to carry its burden of proof, Defendant's request for the government to disclose the identity and criminal records of confidential informants is GRANTED, IN PART, only as it pertains to witnesses who will testify at trial. Pursuant to Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and to the extent that exculpatory information would include the identity of a confidential informant, the information shall be produced by the government two weeks before trial. If a confidential informant does not have exculpatory information but will testify at trial, the identity of the confidential informant will be disclosed the morning of trial. If a confidential informant has no exculpatory information and will not testify at trial, then the identity of a confidential informant is not required to be disclosed. The balance of Defendant's motion is denied.

### Motion for Disclosure of Prior Bad Acts, Doc. 546

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motion for Disclosure of Other Acts is granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motion is DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time,

and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Defendant's Motion for Disclosure of Other Acts Outside of 404(b), Doc. 547

Defendant requests the government disclose whether it intends to offer at trial any evidence of other crimes, wrongs or bad acts outside the provisions of Federal Rule of Evidence 404(b). The United States objected to the request. After considering the parties' written submissions, Defendant's motion is DENIED.

### Defendant's Motion for Disclosure of Grand Jury Testimony, Doc. 549

Defendant's motion seeks an order permitting Defendant and his attorney to inspect the minutes of the grand jury and the recorded testimony of witnesses in this case. In its response to the motion, the United States has agreed to provide the defendant with grand jury transcripts which may constitute witness statements under the provisions of Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500, no later than the Friday before trial. The United States also has agreed to provide the defendant with any grand jury materials or transcripts which constitute exculpatory information as required by the decision in Brady v. Maryland, 373 U.S. 83 (1963). Otherwise, the United States objects to the motion.

In order to justify the disclosure of other grand jury materials, the defendant must make a showing of "particularized need." Thomas v. United States. 597 F.2d 656, 658 (8th Cir. 1979). A defendant's bare allegation that the records of the grand jury are necessary to determine whether there is a defect in the grand jury process does not constitute a showing of particularized need. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).

Based upon these considerations, the defendant's motion is GRANTED, IN PART, and the United States shall provide the defendant with grand jury transcripts which may constitute witness statements under the provisions of Rule 26.2 and 18 U.S.C. § 3500 no later than the Friday prior to trial. The United States shall further provide the defendant with any grand jury materials or transcripts which constitute exculpatory information as required by the decision in Brady v. Maryland, 373 U.S. 83 (1963). The balance of defendant's motion is DENIED.

### Motion for Severance, Doc. 550

Defendant has moved the Court for a severance from his co-defendants. Defendant is charged in the Second Superseding Indictment along with numerous other defendants with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and

substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for severance from his co-defendants pursuant to Fed. R. Crim. P. 14. That rule states:

### Rule 14. Relief from Prejudicial Joinder

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

In the body of his Motion, Defendant asserts a joint trial will prejudice his substantial right to a fair trial in the following ways: (1) his co-defendants have antagonistic defenses; (2) the government may introduce evidence that is competent as to a co-defendant, but incompetent as to him; (3) there is important evidence which exculpates him which would be admissible in a separate trial but which could be inadmissible in a joint trial; and (4) the prior criminal record of some of the co-defendants if allowed into evidence at a joint trial would prejudice the jury against him.

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999). Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003). "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996).

The first basis for Defendant's motion is his contention that he and his co-defendants have antagonistic defenses. The United State Supreme Court has addressed this argument in Zafiro v. United States, 113 S.Ct. 933, 506 U.S. 534, 122 L. Ed.2d 317 (1993). The Court recognized many

of the Courts of Appeals have expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some instances so as to mandate severance. Id., 506 U.S. at 538, 113 S.Ct. at 937. See e.g. United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (recognizing the existence of antagonistic defenses does not require severance unless defenses are actually irreconcilable).[1] The Court recognized, however, that in most instances, the degree of prejudice to require separate trials cannot be shown. Id. The Court declined to adopt a bright-line rule requiring severance when co-defendants present antagonistic defenses, or even if prejudice is shown. Rather, the District Court is allowed wide discretion to tailor relief to the specific situation presented by each case. Id. 506 U.S. at 538, 113 S.Ct. at 538-59. The Court cautioned that co-defendants properly joined under Rule 8(b) should be severed only if a joint trial would (1) compromise a specific trial right of one of the defendants; (2) prevent the jury from making a reliable judgment about the guilt or innocence of one of the defendants. Id. The examples given by the Supreme Court were a complex, multi-defendant case in which evidence which would not be admissible in a separate trial is admitted in a joint trial, against a co-defendant, or when many defendants who had markedly different degrees of culpability were tried together in a complex case. Id. The Supreme Court rejected, however, the defendant's notion that "the very nature of their defenses, without more, prejudiced them." Id., 505 U.S. at 539-40, 113 S.C. at 938. The Court held that usually, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."

In Zafiro the Court summarized the co-defendants' theories as "both claiming they were innocent and accusing the other of the crime." They asserted entitlement to a severance because of the prejudice caused by their mutually antagonistic defenses. The Supreme Court noted the Government had offered evidence that each defendant was guilty. "Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." Id., 506 U.S. at 540, 113 S.C. at 939. In this case, as in Zafiro, even if the defendants each claim the other is solely responsible for the alleged drug distribution, the District Court may avoid prejudice by, for example, instructing the jury: (1) that the Government

---

[1] The co-defendants in Shivers were accused of distributing cocaine. They each pointed the finger at the other. One claimed he did not know the package handed to him by the other was cocaine. The other claimed he did not know there was cocaine in the car, nor did he give his co-defendant any cocaine. The Shivers court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another co-defendant is not a sufficient ground to require severance." Shivers, 66 F.3d at 940.

has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; (3) and that each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. Zafiro, 506 U.S. at 541, 113 S.C. at 939.

Next, defendant asserts that some evidence may be competent as to his co-defendants but not as to him. In United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." Id. at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. Id. In this case, the alleged conspiracy was relatively short (from late 2005 to October 2007), and the Second Superseding Indictment contains one count against each defendant - conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). See also United States v. Moore, 149 F.3d 773, 778 (8th Cir. 1998)(risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); United States v. Flores, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between him and the other defendants will prevent him from receiving a fair trial in this matter. Further, Defendant is free to request appropriate limiting instructions from Judge Piersol.

Next, Defendant asserts that exculpatory evidence might be admissible at a separate trial, but not in a joint trial. Defendant has not, however, identified any such evidence. Defendant has provided no evidence that any of his co-defendants have expressed a willingness or intent on the record to offer exculpatory testimony. "A defendant is not entitled to severance on the weight of an unsupported possibility that a co-defendant's testimony might be forthcoming at a separate trial. A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record." United States v. Graham, 548 F.2d 1302, 1311 (8th Cir. 1977) (citations omitted). See also United States v. Caspers, 736 F.2d 1246, 1248 (8th Cir. 1984) (attorney's assertion that exculpatory testimony would be forthcoming not enough–affidavit from co-defendant was absent); United States v. Easom, 569 F.2d 457, 458 (8th Cir. 1978) (defendant not entitled to severance based on "unsupported possibility" that co-defendant's testimony might be forthcoming at a separate trial).

Finally, Defendant asserts the prior criminal record of some of the co-defendants would be prejudicial to him in a joint trial. "Other crimes" and bad acts evidence may be properly admitted and accompanied by instructions to the jury that the evidence should be considered only against the defendant to whom it pertains. "[T]hat evidence is admissible as to one defendant but not as to his co-defendants does not alone require severance. And, evidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level of requiring severance. Nor is a defendant entitled to severance merely because the evidence against a co-defendant is more damaging than against him." United States v. Robinson, 774 F.2d 261, 267 (8th Cir. 1985). None of the reasons Defendant asserts, therefore, justify a severance.

Accordingly, IT IS ORDERED that Defendant's Motion for Severance is DENIED.

### Motion for Disclosure of Witness Inducements, Doc. 552

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny, but otherwise resists Defendant's motion. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is granted, in part, and the United States shall provide the information as required under Brady and Giglio and

their progeny to defendant no later than two weeks prior to trial. The balance of Defendant's motion is denied.

### Motion for Extra Peremptory Challenges, Doc. 553
### Motions for Participation by Counsel in Voir Dire, Docs. 554

Defense counsel has filed motions that are more properly considered as motions in limine at a later date by the trial court. Accordingly, it is hereby

ORDERED that Defendant's Motion for Extra Peremptory Challenges and Motion for Participation by Counsel in Voir Dire are deferred to the District Court for ruling.

### CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1. Defendant's Motion for Discovery and Inspection (Doc. 385) is DENIED AS MOOT.
2. The Government's Request for Disclosure (Doc. 388) is DENIED AS MOOT.
3. Defendant's Motion for Bill of Particulars (Doc. 541) is DENIED.
4. Defendant's Motion for Disclosure of Impeaching Information (Doc. 543) is GRANTED IN PART AND DENIED IN PART.
5. Defendant's Motion for Disclosure of Confidential Informants and Witnesses (Doc. 544) is GRANTED IN PART AND DENIED IN PART.
6. Defendant's Motion for Disclosure of Prior Bad Acts (Doc. 546) is GRANTED IN PART AND DENIED IN PART.
7. Defendant's Motion for Disclosure of Other Acts Outside 404(b) (Doc. 547) is DENIED.
8. Defendant's Motion for Disclosure of Grand Jury Testimony (Doc. 549) is GRANTED IN PART AND DENIED IN PART.
9. Defendant's Motion for Severance (Doc. 550) is DENIED.
10. Defendant's Motion for Witness Inducements (Doc. 552) is GRANTED IN PART AND DENIED IN PART.
11. Defendant's Motion for Extra Peremptory Challenges (Doc. 553), Defendant's Motions for Participation by Counsel in Voir Dire (Doc. 554) are DEFERRED to the District Court.

12. The motions hearing as regards Defendant Jerry George previously set for Thursday, March 6, 2008, at 9:00 a.m. is cancelled.

Dated this **29** day of February, 2008.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____, Deputy

(SEAL)